IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cindy Johnson, | Docket 3:20-cv-01639-JEJ |
| Plaintiff, | (JUDGE JOHN E. JONES, III) |
| v. | |
| Credit Bureau Collection Services, Inc. d/b/a CBCS, | FILED ELECTRONICALLY |
| Defendant. | |

## AMENDED COMPLAINT

### I. Introduction

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act") which prohibits debt collectors from engaging in abusive, unfair, and deceptive practices.

### II. Jurisdiction

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3. Venue in this district is proper in that Defendant transacts business here and the conduct complained of is alleged to have occurred here.

### III. Parties

4. Plaintiff, Cindy Johnson, is a natural person residing at 123 N.

Cameron Avenue, Scranton, PA 18504.

5. Defendant, Credit Bureau Collection Services, Inc. dba CBCS, ("CBCS") is a corporation with a place of business located at 236 E Town Street, Columbus, OH 43215.

6. CBCS uses the mail in its business.

7. The principal purpose of CBCS's business is the collection of debts.

8. CBCS has reason to believe that a non-trivial portion of the accounts that it collects are for obligations for which the money, property, insurance or services which were the subjects of the transactions were primarily for personal, family, or household purposes.

9. CBCS has reason to believe that it is probably true that the principal purpose of its business is the collection of "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. The principal purpose of CBCS's business is the collection of "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. CBCS regularly attempts to collect debts asserted to be due to another. The term "debt" is used in this allegation as that term is defined by 15 U.S.C. § 1692a(5).

## IV. Statement of Claim

12. Within the past year CBCS was attempting to collect from Plaintiff an account that Plaintiff allegedly owed to Credit First National Association ("the Account").

13. The Account is a "debt" as that term is defined by the Act, 15 U.S.C. § 1692a(5).

14. While attempting to collect the Account, CBCS was acting as a "debt collector" defined by the Act, 15 U.S.C. § 1692a(6).

15. On or about September 20, 2019, CBCS caused to be mailed a letter addressed to Plaintiff.

16. This letter was mailed to Plaintiff at her proper address in Scranton, PA.

17. Thereafter, on or about December 13, 2019, CBCS caused to be mailed a letter addressed to Plaintiff ("the Letter").

18. However, the Letter was mailed to an address in Philadelphia ("the Philadelphia Address").

19. A true and correct copy of the Letter is attached as Exhibit A. (Redacted to ensure financial privacy).

20. The Letter was an attempt to collect the Account.

21. Plaintiff has never resided at the Philadelphia address, and has never

provided that address to any creditor or debt collector.

22. Instead, CBCS obtained the Philadelphia Address through the use of a third-party skip tracing service.

23. Plaintiff's daughter resides at the Philadelphia Address and is the only person who uses that address for the receipt of United States Postal Service mail.

24. Thus, when Plaintiff's daughter receives letters at the Philadelphia Address, she assumes that they are addressed to her and often opens them without carefully reviewing the envelope.

25. Plaintiff's daughter opened the letter that CBCS mailed to the Philadelphia Address and read the letter.

26. Because of CBCS's communication, Plaintiff's daughter learned that CBCS was attempting to collect a debt from Plaintiff.

27. Plaintiff's daughter learned that CBCS was attempting to collect a debt from Plaintiff shortly before the Christmas holiday, and Plaintiff suffered emotional distress, which was exacerbated by the timing in relation to Christmas, as a result of this improper disclosure.

28. It was an unfair collection practice to mail a collection letter to an address that is not associated with the debtor.

29. It was an unfair collection practice to mail a collection letter to an address that a debt collector has only obtained through a third-party skip tracing

service, and which the debt collector does not definitively associate with the debtor.

30. Because CBCS was aware that Plaintiff resided at 123 N. Cameron Avenue, Scranton, PA 18504, and because CBCS obtained the Philadelphia Address from a third-party skip tracing service, CBCS knew, or should have known, that the Philadelphia Address was an unusual place, or an inconvenient place, to communicate with Plaintiff.

31. Defendant violated the Act, 15 U.S.C. §§ 1692c(a)(1) and 1692f.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*s/ Brett M. Freeman*
Brett M. Freeman
Bar Number PA 308834
Attorney for Plaintiff
Sabatini Freeman, LLC
216 N. Blakely St.
Dunmore, PA  18512
Phone (570) 341-9000