UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CINDY JOHNSON, | CIVIL No. 3:20-cv-01639 |
| Plaintiff, | |
| v. | (JONES, C.J.)<br>(SAPORITO M.J.) |
| CREDIT BUREAU COLLECTIONSERVICES, INC., | |
| Defendant. | |

## MEMORANDUM

This matter is before the court on the motion to stay discovery filed by the defendant, Credit Bureau Collection Services, Inc., now known as Revco Solutions, Inc. (Doc. 36.) For the reasons set forth herein, we will grant the motion in part and deny it in part.

### I. Statement of Facts

The plaintiff, Cindy Johnson, initiated this action by a complaint on June 29, 2020, in the Court of Common Pleas of Lackawanna County, Pennsylvania. The defendant removed the case to this court on September 10, 2020. (Doc. 1.) The plaintiff filed an amended complaint seeking damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (Doc. 11.) The defendant filed its answer to the amended

complaint on November 24, 2020. (Doc. 13.) The defendant filed its motion for judgment on the pleadings on December 10, 2020. (Doc. 17.) The plaintiff filed a motion to strike the answer to the amended complaint. (Doc. 20.) The parties have briefed those motions and they are awaiting a decision by the court.

Defense counsel asked the court to stay discovery while the motion for judgment on the pleadings is pending. (Doc. 19.) Plaintiff's counsel responded with a proposal to resolve the request for a stay. (Doc. 22.) The request to stay discovery was referred to the undersigned United States magistrate judge. (Doc. 23; Doc. 24.) We conducted telephonic conferences with counsel on January 4, 2021, and January 11, 2021, to attempt a resolution of the issue. When the parties reached an impasse, we established deadlines for the filing of the motion to stay discovery and briefs of the parties. (Doc. 31.)

The motion to stay discovery and briefs of the parties have been timely filed. (Doc. 36; Doc. 37; Doc. 38; Doc. 39.) The motion is ripe for disposition.

## II. Legal Standards

The decision to stay discovery pending resolution of a potentially dispositive motion is within the discretion of the district court. *Babalola v. Donegal Mut. Ins. Co.,* Civ. A. No. 08–612, 2008 WL 5278393, at *1 (M.D. Pa. Dec.18, 2008) (citing *Coastal States Gas Corp. v. Dep't. of Energy,* 84 F.R.D. 278, 282 (D.Del.1979), and *In re Orthopedic Bone Screw Prod. Liab. Litig.,* 264 F.3d 344, 365 (3d Cir.2001)). A court may stay discovery pending determination of a dispositive motion only on a showing of "good cause" by the party requesting the stay. Fed. R. Civ. P. 26(c); *see also Gerald Chamales Corp. v. Oki Data Americas, Inc., et al.,* 247 F.R.D. 453, 454 (D.N.J.Dec.11, 2007) ("A protective order pursuant to Fed. R. Civ. P. 26(c) may only be issued if 'good cause' is shown."); *see Perelman v. Perelman,* Civ. A. No. 10-5622, 2011 WL 3330376 *1 (E.D. Pa. Aug.3, 2011) ("The burden is on the party seeking the stay [of discovery] to show 'good cause.' ") (citations omitted). It is well settled that "the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." *Chamales,* 247 F.R.D. at 454.

## III. Discussion

Courts generally do not favor granting motions to stay discovery "because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Coyle v. Hornell Brewing Co.*, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (internal citations and quotation marks omitted). Nonetheless, a Court maintains wide discretion to manage discovery issues and enter stays where good cause has been shown. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Coyle,* 2009 WL 1652399, at *3 ("In discovery disputes, the Magistrate Judge exercises broad discretion and is entitled to great deference.") (citations omitted); *Chamales,* 247 F.R.D. at 454 ("Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion.") (citations omitted).

Here, the defendant argues that all discovery should be stayed while its motion for judgment on the pleadings remains pending as the motion is dispositive of the case. Further, the defendant contends that the plaintiff would not be prejudiced by the delay in discovery which is

currently scheduled to end on June 30, 2021. In support of these contentions, the defendant relies upon its position in the motion for judgment on the pleadings that it has not committed any unfair or unconscionable practice merely by sending the plaintiff a single letter to the address of the plaintiff's daughter—an unusual or inconvenient place. Further, the defendant contends that there is no violation of the applicable sections of the FDCPA for sending a properly addressed letter to the plaintiff at her daughter's address and which the plaintiff's daughter opened. (Doc. 39, at 2).

In response to the defendant's motion to stay discovery, and in consideration of the defendant's concession that it is a debt collector, the plaintiff maintains that the plaintiff will agree to a limited stay which would permit her to engage in paper discovery on the single issue of the bona fide error defense. We trust that Chief Judge Jones will decide the motion for judgment on the pleadings in his usual timely manner. During the time while the parties await his decision, we find no prejudice to the parties exchanging paper discovery in the form of interrogatories, requests for production of documents, and requests for admissions on the sole issue of the application of the bona fide error defense.

The state of the record does not reflect that the plaintiff is abusing the discovery process and given her willingness to confine the extent of discovery to paper discovery only on a single issue while the motion for judgment on the pleadings is pending, we find that the continuation of discovery on that limited basis is reasonable and appropriate.

For the foregoing reasons, we conclude that a temporary, limited stay of discovery is appropriate in these circumstances. "Indeed, such a procedure is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D.Del.1979) (citations omitted). Paper discovery in the form of interrogatories, requests for production of documents, and requests for admissions may continue only as it pertains to the factual issue of the application of the bona fide error defense. All other discovery shall halt until a ruling is made on the defendant's motion for judgment on the pleadings or further Order of this Court.

An appropriate Order follows.

/s/ Joseph F. Saporito, Jr.<br>
JOSEPH F. SAPORITO, JR.<br>
United States Magistrate Judge

Dated: February 18, 2021